UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv641
(3:05cr209)

DAVID HERMAN KALE, JR.,                    )
                                            )
        Petitioner,                         )
                                            )
        v.                                  )          NOTICE AND O R D E R
                                            )
UNITED STATES OF AMERICA,                  )
                                            )
        Respondent.                         )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate,

Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255, filed December 16, 2010.[1] (Doc.

No. 1).

A review of the record reflects that on February 8, 2006, Petitioner pled guilty to charges

that he conspired to violate the Hobbs Act in violation of 18 U.S.C. § 371 (Count One),

committed a substantive violation of the Hobbs Act, and aided and abetted that offense in

violation of 18 U.S.C. §§ 1951 and 2 (Count Two), used and brandished a firearm during and in

relation to a crime of violence, that is, a robbery in violation of the Hobbs Act, in violation of 18

U.S.C. § 924(c) (Count Three), and he unlawfully possessed a firearm after having been

convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count Four).  (Case No. 3:05cr209,

_____

[1] Although Petitioner's Motion to Vacate was received at the Court and filed by the Clerk
on December 16, 2010, Petitioner asserts that he previously signed and mailed this Motion to the
Court on August 12, 2009.  The Court has carefully checked the docket of Petitioner's criminal
case and can find no evidence that he previously filed this Motion with the Court.  Therefore, the
Court will treat the Motion as filed on the date it was received, that is, December 16, 2010.

1

Doc. No. 36: Entry and Acceptance of Guilty Plea form). On November 8, 2006, the Court sentenced Petitioner to three concurrent 41-month terms of imprisonment on Counts One, Two and Four, and to a consecutive term of 120 months imprisonment on Count Three. (Id., Doc. No. 45: Judgment). Petitioner timely appealed his sentence for Count Three; however, on August 23, 2007, the Fourth Circuit Court of Appeals issued an opinion affirming that term. United States v. Kale, 235 F. App'x 192, 193 (4th Cir. Aug. 23, 2007) (unpublished). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a 1-year statute of limitations period for filing a motion to vacate. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment of conviction became final on November 23, 2007, that is, at the expiration of the 90-day period during which he could have filed a certiorari petition in the Supreme Court. Clay v. United States, 537 U.S. 522 (2003). Therefore, absent equitable tolling, Petitioner had until November 23, 2008 in which to file the instant Motion to Vacate.

2

In <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002), the Fourth Circuit held that upon examining a federal habeas petition prior to trial, if the Court perceives a *pro se* petition to be untimely and the government has not filed a motion to dismiss based on the one-year limitations period, the Court must warn the petitioner that the case is subject to dismissal.[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1)   Within fifteen (15) days of the date of this Order, the Petitioner shall file a document explaining why the instant motion should be construed as timely filed.

**FAILURE TO FILE A DOCUMENT EXPLAINING WHY THE INSTANT PETITION SHOULD BE CONSTRUED AS TIMELY FILED WILL RESULT IN DISMISSAL OF THE MOTION TO VACATE.**

(2)   The Clerk shall send a copy of this Order to the Petitioner.


Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] Although the current form 2255 motion has been updated to include a question asking petitioners to address of the timeliness of their motions if they are filed more than a year after their convictions became final, the motion form used by Petitioner is not the most current form and does not include a question asking him to explain why the one-year limitations period does not bar his motion.

3